UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. P. HENRY CORPORATION,<br><br>　　Plaintiff,<br><br>v.<br><br>HOME DEPOT, INC.<br><br>　　Defendant | Civil Action 07cv2783 (JHR)<br><br>**DOCUMENT FILED<br>ELECTRONICALLY** |

---

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE

---

**STERNS & WEINROTH**
A Professional Corporation
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, New Jersey 08607-1298
(609) 392-2100
Attorneys for Defendant,
THE HOME DEPOT, INC.

On The Brief:
Jason S. Feinstein (JF-8008)
Jason T. Stypinski (JS-3112)

## **TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF AUTHORITIES............................................................................ | ii |
| INTRODUCTION........................................................................................... | 1 |
| STATEMENT OF FACTS.............................................................................. | 1 |
| ARGUMENT.................................................................................................. | 2 |
| CONCLUSION ............................................................................................. | 5 |

## TABLE OF AUTHORITIES
## CASES

**Page**

American Cyanamid Co. V. Eli Lilly & Co.,
  903 F.Supp. 781 (D.N.J. 1995) ................................................................. 2

Jumara v. State Farm Ins. Co.,
  55 F.3d 873 (3d Cir. 1995) ..................................................................... 2,4

Foster v. Chesapeake Ins. Co.,
  933 F.2d 1207 (3d Cir. 1991) .................................................................... 3

Cadapult Graphic Sys. v. Tektronix, Inc.,
  98 F.Supp.2d 560 (D.N.J. 2000) ................................................................ 3

Bonanno v. Quiznos Master LLC,
  2006 W. 3359673, *3 (D.N.J. Nov. 17, 2006) ............................................ 3

## FEDERAL STATUTES

**Page**

28 U.S.C. § 1446(a) .................................................................................. 1,2

28 U.S.C. § 1404(a) .................................................................................... 2

## INTRODUCTION

This case arises out of a Supplier Buying Agreement (the "Agreement") between Plaintiff, E.P. Henry Corporation ("E.P. Henry") and Defendant, The Home Depot, Inc. ("Home Depot"). E.P. Henry filed this action in the Superior Court of New Jersey, Gloucester County. Thereafter, Home Depot filed a Notice of Removal to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1446(a) based on diversity jurisdiction. Home Depot now moves to have the above-entitled action transferred to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to the forum selection clause contained in the parties' Agreement.

## STATEMENT OF FACTS

E.P. Henry is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 201 Park Avenue, Woodbury, New Jersey. Complaint, ¶1. A true copy of the Complaint is attached to the Certification of Jason S. Feinstein as Exhibit A. Home Depot is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2455 Paces Ferry Road Northwest, Atlanta, Georgia. Notice of Removal, ¶5. A true copy of the Notice of Removal is attached to the Certification of Jason S. Feinstein as Exhibit B.

On or about July 20, 2005, E.P. Henry executed a standard Home Depot Supplier Buying Agreement (the "Agreement") to contract to supply goods and products to Home Depot. A true copy of that Agreement is attached to the

1

Certification of Jason Feinstein as Exhibit C. Section 14.6c of that Agreement provides that in the event of a legal dispute:

> [T]he parties agree that any civil action to decide such dispute shall be brought in either the US District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia.

Contrary to the terms of the Agreement, E.P. Henry brought an action against Home Depot in the Superior Court of New Jersey, Gloucester County, by filing a Complaint on or about March 22, 2007. Exhibit A. E.P Henry seeks to recover damages pursuant to the Agreement. Exhibit A, ¶4.

On June 14, 2007, Home Depot filed a Notice of Removal to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1446(a), based on diversity jurisdiction. Home Depot now moves to have the above-entitled action transferred to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to the forum selection clause contained in the Agreement.

## ARGUMENT

### VENUE IN THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION, PURSUANT TO 28 U.S.C. §1404(a)

28 U.S.C. § 1404(a) provides:

For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The party moving for a transfer of venue ordinarily has the burden of proving the propriety of the transfer. *American Cynamid Co. v. Eli Lilly & Co.*, 903 F.Supp. 781, 784 (D.N.J. 1995). However, when analyzing a forum selection

2

provision in a diversity case, the Court must rely primarily on federal law. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). Under federal law, "[w]here the forum selection clause is valid, the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum." Id., at 880.

A choice of forum provision is *prima facie* enforceable unless the party challenging the provision can prove fraud, overweening bargaining power, violation of public policy, or where the selected forum would be so inconvenient as to deprive the party of his "day in court". *Ibid.* (holding that forum selection provisions are given substantial weight and that the party opposing the provision bears the burden of proving that the provision should not be enforced); *see also Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable); *Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F.Supp.2d 560, 566-567 (D.N.J. 2000) (forum selection clauses are presumptively valid); *Bonanno v. Quiznos Master LLC*, 2006 WL 3359673, *3 (D.N.J. Nov. 17, 2006) (a forum selection clause should be enforced absent a "strong showing, either that the forum thus selected is so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court, or that the clause was procured through fraud or overreaching").

Here, E.P. Henry is suing on the very Agreement that contains the forum selection clause. In its Complaint, E.P. Henry does not contend that the

3

Agreement was the product of fraud, overweening bargaining power, or a violation of public policy. Likewise, there is absolutely no indication that E.P. Henry will be so unduly inconvenienced as to be deprived of its day in court by having this case transferred to the United States District Court for the Northern District of Georgia, Atlanta Division. E.P. Henry agreed to this provision. Moreover, the Agreement requires that Georgia law, not New Jersey law, govern its terms, further indicating the parties' intent to have any disputes litigated in United States District Court for the Northern District of Georgia, Atlanta Division. *See* Exhibit C, Section 14.8.

Where a forum selection provision is valid, the provision is given substantial weight. *Jumara, supra*, 55 F.3d at 880. Thus, while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where a plaintiff has already freely contractually chosen an appropriate venue. *Id.* (citations omitted).

Here, E.P. Henry freely contractually opted to enter into the Agreement providing that the United States District Court for the Northern District of Georgia, Atlanta Division is the proper forum for resolving any legal disputes between the parties. Specifically, the Agreement provides:

> ACCEPTED AND AGREED:
> For other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, my Company agrees to the terms contained in this letter.
> <u>By signing this letter as an authorized agent for my company</u>, it is acknowledged that we have reviewed the electronic version of the Home Depot US Supplier Buying Agreement (Version 2.04) and Supplier Reference Manual (Version 2.04), and we agree to be bound by the terms and conditions stated therein.

*See* Exhibit C. The Agreement was executed by John C. Angelella, Executive Vice-President and CEO of E.P. Henry. *Id.* Clearly, the execution of this Agreement was voluntary and there is no evidence of fraud or overweening bargaining power. *Jumara, supra*, 55 F.3d at 880. As such, this case should be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division.

## CONCLUSION

For all the aforementioned reasons, it is respectfully submitted that the case be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division.

Dated July 5, 2007

**STERNS & WEINROTH,**
A Professional Corporation
*Attorneys for Defendant,*
*The Home Depot, Inc.*
By: /s/ Jason S. Feinstein
    Jason S. Feinstein (JF-8008)
    jfeinstein@sternslaw.com