NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

E.P. HENRY CORP.,                :
                                 :         Hon. Joseph H. Rodriguez
        Plaintiff,           :
                                 :         Civil Action No. 07-2783
  v.                             :
                                 :         **OPINION**
THE HOME DEPOT, INC.,            :
                                 :
        Defendant.          :
_____     :

**RODRIGUEZ**, Senior District Judge:

This matter comes before the Court on Defendant Home Depot's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [Docket Item No. 4]. For the reasons discussed below, the Court will grant the motion.

## I.  BACKGROUND

The plaintiff in this action is E.P. Henry Corp. ("E.P. Henry"). It is incorporated under the laws of the State of New Jersey and has its principal place of business in Woodbury, New Jersey. It is in the business of manufacturing and supplying hardscaping products and accessories for residential and commercial use.

The defendant is Home Depot, Inc. ("Home Depot"). It is a Delaware corporation whose principal place of business is located in Atlanta, Georgia. It is almost unnecessary to say that Home Depot maintains hundreds, if not thousands, of retail outlets at which it sells various home improvement products.

This action arises out of the parties' business relationship.  On July 20, 2005, they executed a contract (hereinafter "the Supplier Buying Agreement" or "the Agreement") under which E.P. Henry was to supply its products to Home Depot stores in New Jersey, Pennsylvania, and Delaware.  The Supplier Buying Agreement contains the following forum selection provision:

> [T]he parties agree that any civil action [related to the Supplier Buying Agreement] shall be brought in either the US District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia.

(Feinstein Cert., Exh. C., ¶ 14.6c.)

E.P. Henry claims that Home Depot regularly ordered and accepted, yet failed to pay for, its products.  Thus, on March 22, 2007, E.P. Henry filed suit against Home Depot in New Jersey Superior Court.  Home Depot then removed the case to this Court on June 14, 2007.  A few weeks later, on July 5, 2007, Home Depot filed the instant motion to transfer the case to the United States District Court for the Northern District of Georgia, Atlanta Division.

## II.  DISCUSSION

Resolution of this motion largely hinges on the forum selection clause contained in the Supplier Buying Agreement.  In federal court, the effect to be given to a contractual forum selection clause is governed by federal, rather than state, law.  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 877-78 (3d Cir. 1995).  More precisely, the controlling federal law in such cases is 28

U.S.C. § 1404(a).  Stewart, 487 U.S. at 29, 32.  Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The decision of whether to transfer a given case is committed to the sound discretion of the trial court.  Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J 2000).  In exercising that discretion, a district court is free to consider "all relevant factors," which generally fall into either private interest considerations or public interest considerations  Jumara, 55 F.3d at 879-80.

Although the parties' agreement as to the proper forum is not dispositive, it is entitled to "substantial consideration" in weighing the relevant factors.  Id. at 880; see Stewart, 487 U.S. at 29-30 ("The presence of a forum selection clause . . . will be a significant factor that figures centrally into the district court's calculus . . . .")  Moreover, while courts typically defer to a plaintiff's choice of venue, such deference is inappropriate when the parties have freely entered into a valid forum selection clause. Jumara, 55 F.3d at 880.

Finally, "[t]he burden of establishing the need for transfer . . . rests with the movant."  Id. at 879.  However, "where the forum selection clause is valid, . . . the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum."  Id. at 880 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13 (1972)).

In this case, Home Depot argues primarily that transfer is appropriate in light of the forum selection clause contained in the Supplier Buying Agreement. E.P. Henry resists enforcement of that clause on two grounds. First, it argues that the clause is unreasonable and, therefore, invalid. Second, it claims that the clause is merely permissive in nature; that is, it permits, but does not require, litigation to take place in Georgia. As such, E.P. Henry contends that the clause is unenforceable. The Court will address each of these arguments in turn. It will then weigh the private and public interest factors under section 1404(a) and address E.P. Henry's final argument against transfer.

### A.  Validity of the Forum Selection Clause

A forum selection clause is presumptively valid unless "the resisting party makes a 'strong showing' that the clause is 'unreasonable.'" Cadapult Graphic Sys., 98 F. Supp. 2d at 564-65. To this end, the resisting party must demonstrate "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983).

E.P. Henry does not claim that the forum selection clause was the result of fraud or overreaching. Nor does it argue that enforcing the clause would violate any public policy. Instead, it claims "the enforcement of the purported forum selection clause . . . would be so seriously inconvenient as to be unreasonable." (Pl. Br., p. 10.)

According to E.P. Henry, several factors point to the serious inconvenience it would endure if the forum selection clause was enforced. In particular, it notes: (1) the operative facts of this case occurred in New Jersey; (2) all relevant books, records, and products sold under the Agreement are located in or near New Jersey; (3) key witnesses, including former E.P. Henry employees and Home Depot staff, reside in or near New Jersey; (4) E.P. Henry has no presence in Georgia while Home Depot enjoys a near ubiquitous presence in New Jersey; (5) there was an "overwhelming inequality of bargaining power" between the parties in the negotiation of the forum selection clause; and (6) E.P. Henry will incur additional costs if forced to litigate in Georgia. (See Pl. Br., p. 10.) The Court will address each of these points in turn and concludes that they do not affect the forum selection clause's validity.

*1. Operative Facts*

That the operative facts of the case occurred in New Jersey does not speak to any grave inconvenience imposed upon E.P. Henry if forced to litigate in Georgia. Instead, it is indicative of the case's connection with New Jersey. This is undoubtedly relevant to an analysis of the private and public interest factors reflected in section 1404(a). However, it bears little, if any, relevance to the validity of the forum selection clause itself. Thus, the Court will consider this argument when it addresses the section 1404(a) interest factors in section II.C., infra, of this Opinion.

*2. Relevant Books, Records, and Products*

E.P. Henry claims that all relevant books and records are located in New Jersey. Additionally, it contends that the products it sold to Home Depot, if still in Home Depot's possession, are likely in New Jersey or neighboring states. However, E.P. Henry has failed to show why these items could not be transported to Georgia, or, if applicable, electronically produced. See Travelodge Hotels, Inc. v. Mangat Houston Race Track, L.L.C., No. 06-3543, 2007 U.S. Dist. LEXIS 53655, *21 (D.N.J. July 25, 2007) (declining to transfer a case despite the defendants' argument that all relevant documents were located in another forum because the defendants failed to show why these items could not be shipped to the plaintiff's chosen forum). Thus, the presence of evidence in or near New Jersey does not call into question the forum selection clause's validity.

*3. Key Witnesses*

E.P. Henry also explains that certain "key witnesses" reside in New Jersey and are therefore beyond the jurisdiction of the Georgia courts. (Pl. Br., p. 10.) Such witnesses would likely include former E.P. Henry employees, as well as Home Depot staff. (See id.) Presumably, E.P. Henry is making a witness unavailability argument.

The problem with this argument is its generality and lack of support. In Hoffer v. Infospace.com, Inc., the court found that a plaintiff had failed to demonstrate serious inconvenience notwithstanding his argument that his "key witnesses" agreed to appear in his chosen forum, but not in the forum to which the defendant requested transfer. 102 F. Supp. 2d 556, 566 (D.N.J. 2000). The court rejected this argument primarily because the

6

plaintiff failed to provide any affidavits from these witnesses concerning their testimony. See id. at 567. Without these affidavits, the court could not determine whether the witnesses would actually be unavailable and, if so, the effect this would have on the plaintiff's case. See id.; see also Travelodge, U.S. Dist LEXIS 53655, at *21 (rejecting the defendants' witness unavailability argument because they "failed to adduce any specific reason as to why a particular witness . . . would not be able to testify in [the plaintiff's chosen forum]").

Here, E.P. Henry offers no affidavits from its proposed witnesses concerning the substance of their testimony or their possible inability or refusal to testify in Georgia. Indeed, it does not even allege that a particular witness will be unavailable to testify in that state. Instead, it merely notes that "key witnesses" reside in or near New Jersey and are likely beyond the jurisdiction of the Georgia courts. (See Pl. Br., p. 10.) This is far from sufficient to render the forum selection clause unreasonable.

### 4. E.P. Henry's Lack of a Presence in Georgia

Next, E.P. Henry argues that it has no presence in Georgia, while Home Depot has a significant presence in New Jersey. Presumably, E.P. Henry is asserting that it would be more difficult for it to litigate this case in Georgia than it would be for Home Depot to litigate in New Jersey.

It is probably true that E.P. Henry's lack of a presence in Georgia will make litigating in that state more difficult, and thus less convenient, than litigating in New Jersey. However, "'[m]ere inconvenience or additional expense is not the test of

7

unreasonableness, since it may be assumed that the plaintiff received under the contract consideration for these things.'" Danka Funding, L.L.C. v. Page, Scantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp. 2d 465, 470 (D.N.J. 1998) (quoting Cent. Contracting Co. v. Md. Cas. Co., 367 F.2d 341, 344 (3d Cir. 1966)).

Moreover, Georgia is not some "remote alien forum." See Carnival Cruise Lines v. Shute, 499 U.S. 585, 594 (1991) (enforcing a forum selection clause against residents of the State of Washington despite their lack of a presence in the designated forum of Florida in part because "Florida is not a 'remote alien forum'"). E.P. Henry will easily be able to hire local counsel and/or have its New Jersey counsel admitted pro hac vice in Georgia. Additionally, telephones, fax machines, email, and electronic communication devices will enable quick, efficient, and reasonably inexpensive communication between E.P. Henry and its Georgia counsel. As discussed previously, any documents or other evidence in E.P. Henry's possession can easily be shipped to Georgia. Thus, E.P. Henry's lack of a presence in Georgia does not render the forum selection clause invalid.

### 5. *Unequal Bargaining Power*

E.P. Henry also claims that there was an "overwhelming inequality of bargaining power" between the parties in the negotiation of the forum selection clause. (Pl. Br., p. 10.) It elaborates:

> Based upon the size of E.P. Henry in relation to Home Depot, many of the terms and conditions contained in the [Supplier Buying Agreement] were not subject to negotiation. In fact, in all material aspects the [Supplier Buying Agreement] was a "take-it-or-leave-it" offer in that if E.P. Henry would not

> agree to the terms and conditions contained therein (including any purported forum selection clause . . .) then Home Depot was not willing to enter into any agreement with E.P. Henry.

(Nash Cert., ¶ 9.)

As an initial matter, the Court is confused by the context in which this argument is presented. Typically, litigants make such arguments in order to show that the forum selection clause was the product of fraud or overreaching. See, e.g., Arentowicz v. Cap Gemini Ernst & Young U.S. L.L.C., No. 03-5881, 2004 U.S. Dist. LEXIS 16536, *12-15 (D.N.J. July 16, 2004). In this case, however, E.P. Henry tries to support its inconvenience argument with its claim of unequal bargaining.

Simply put, the Court does not understand how disparate bargaining power or a lack of negotiation is relevant to E.P. Henry's inconvenience if this case is litigated in Georgia. Moreover, even if E.P. Henry had raised a fraud argument, the Court would not invalidate the forum selection clause under the circumstances of this case.

The typical case in which a forum selection clause is invalidated as a result of bargaining inequality or coercion involves consumers who enter into form contracts with corporations or other large businesses. See Gen. Eng'g Corp. v. Marietta, 783 F.2d 352, 359 (3d Cir. 1986). Courts are less willing to invalidate such clauses where the dispute is between two sophisticated parties, even if they are not on an entirely equal footing. See id. (declining to invalidate a forum selection clause on coercion grounds where "[b]oth parties . . . [were] sophisticated business entities capable of understanding and adjusting for the risks associated with a forum selection clause"); Arentowicz, 2004 U.S. Dist

LEXIS 16536, at *13 (rejecting a plaintiff's claim of having to sign an agreement on a take-it-or-leave-it basis because he was a "sophisticated businessman").

In this case, E.P. Henry, though smaller than Home Depot, is itself a sophisticated business entity. Certainly, it was capable of understanding the forum selection clause when it reviewed and agreed to the Supplier Buying Agreement. It therefore could have adjusted for the risks associated with the prospect of litigating a claim in Georgia.

Moreover, while E.P. Henry summarily concludes that it had no opportunity to negotiate many of the Agreement's terms, there is no indication in the record that it even attempted to do so. See Arentowicz, 2004 U.S. Dist LEXIS 16536, at *13 (rejecting the plaintiff's claim that he had no opportunity to negotiate a forum selection clause in part because he failed to allege that he had attempted to negotiate and was rebuffed). In any event, "[t]hat there may not have been actual negotiations over the [forum selection clause] does not affect its validity." Foster v. Chesapeake Ins, Co., 933 F.2d 1207, 1219 (3d Cir. 1991) (citing Carnival Cruise Lines, 499 U.S. 585). Thus, E.P. Henry's arguments of unequal bargaining power do not weigh in favor of invalidating the forum selection clause.

### 6.  Additional Costs

E.P. Henry's final challenge to the validity of the forum selection clause essentially summarizes the implications of its preceding arguments; it claims it will bear additional costs if forced to litigate this case a foreign jurisdiction. The Court agrees that this is probably an accurate assessment of the situation. However, it must be remembered

that "[m]ere inconvenience or additional expense is not the test of unreasonableness, since it may be assumed that the plaintiff received under the contract consideration for these things." Danka Funding, L.L.C., 21 F. Supp. 2d at 470 (quoting Cent. Contracting Co., 367 F.2d at 344). Thus, the mere fact that it will cost E.P. Henry more money to litigate in Georgia than it would cost to litigate in New Jersey is of no consequence to the validity of the forum selection clause.

In sum, E.P. Henry has failed to demonstrate that the forum selection clause's enforcement would be so inconvenient as to be unreasonable. The Court therefore concludes that the clause is valid. Now, it must determine whether the clause actually mandates that this case be litigated in Georgia.

### B. Mandatory Versus Permissive Nature of Forum Selection Clause

E.P. Henry argues that even if the forum selection clause is valid, it is nonetheless unenforceable because its language is merely permissive. (Pl. Br., pp. 10-11.) In other words, it claims that the clause permits, but does not require, this case to be litigated in Georgia. As discussed below, however, E.P. Henry is incorrect; the clause is mandatory.

"The general rule in cases containing forum selection clauses is that when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." Chisso Am., Inc. v. M/V Hanjin Osaka, 307 F. Supp. 2d 621, 624 (D.N.J. 2003) (quoting John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc., 22 F.3d 51, 52 (2d Cir. 1994)). "In other words, 'the choice of forum must be mandatory rather than

permissive.'" Id. (quoting John Boutari & Son, 22 F.3d at 53). In order determine whether a clause is mandatory or permissive, the Court must "examine the language of the agreement, applying ordinary principles of contract interpretation." Id.

Based on these principles, the Court concludes that the forum selection clause contained in the Supplier Buying Agreement is mandatory. The clause provides:

> [T]he parties agree that any civil action [related to the Supplier Buying Agreement] shall be brought in either the US District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia.

(Feinstein Cert., Exh. C., ¶ 14.6c (emphasis added).) It does not leave open any question as to the forum designated for litigating cases related to the Agreement: such suits "shall be brought" in Georgia. Courts have repeatedly found similar language to be mandatory. See, e.g., Person v. Google, Inc., 456 F. Supp. 2d 488, 493-94 (S.D.N.Y. 2006) (finding a clause mandatory where it provided that "[a]ny dispute or claim . . . shall be adjudicated in [the chosen forum]"); Chisso Am., Inc., 307 F. Supp. 2d at 624 (same as to a clause which read, "any dispute . . . shall be . . . determined by the [chosen courts]"); Union Steel Am. Co. v. M/V Sanko Spruce, 14 F. Supp. 2d 682, 687 (D.N.J. 1998) (same as to a clause that stated, "[a]ny dispute . . . shall be decided in the [selected forum]").

Nonetheless, E.P. Henry argues that the instant forum selection clause is merely permissive. For support, it points to other dispute resolution provisions in the Supplier Buying Agreement. In particular, it notes that the Agreement calls for mandatory mediation as a precursor to filing suit. This mediation is to be conducted "at a mutually

convenient time and place." (Feinstein Cert., Exh. C., ¶ 14.6a.)  In the event that mediation fails, Home Depot may then elect to submit disputes to arbitration and any resultant award can be "entered in any court having jurisdiction thereof." (Id., ¶ 14.6c.) According to E.P. Henry, these provisions demonstrate the parties' intent to resolve disputes related to the Agreement in fora other than Georgia.

In Union Steel America, a party resisting a forum selection clause similarly argued that the clause was permissive because the other party had the contractual right to arbitrate claims in another jurisdiction.  14 F. Supp. 2d at 687.  The Court disagreed and instead concluded that the right to arbitration, and the forum in which it takes place, had no bearing on the nature of the forum selection clause.  See id.

In this case, E.P. Henry cites to no authority supporting its assertion that a forum selection clause is made permissive simply because the parties can mediate or arbitrate in fora other than the one in which they are required to litigate.  Nor does it explain why the reasoning in Union Steel America is inapplicable in this case.  The Court therefore concludes that the forum selection clause is mandatory notwithstanding the parties' apparent ability to mediate and/or arbitrate claims in fora other than Georgia.  As such, the clause is enforceable.

### C.  Section 1404(a) Private and Public Interest Factors

Having concluded that the instant forum selection clause is valid and enforceable, the Court must now analyze the section 1404(a) private and public interest factors in order to determine whether transfer is appropriate in this case.  As it weighs those factors,

the Court bears in mind the "substantial consideration" to which the instant forum selection clause is entitled.  See Jumara, 55 F.3d at 880.  Because the clause is valid, E.P. Henry must demonstrate why it should not be bound by it.  See id.

In Jumara, the Third Circuit explained that courts can consider "all relevant factors" to determine whether transfer is appropriate.  Id. at 879.  Moreover, it identified a list of private interest factors that may be helpful to this inquiry.  These include: (1) the "plaintiff's forum preference," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."  Id. at 879 (citations omitted).

The Jumara court also identified several potentially relevant public interest factors.  These include: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases."  Id. at 879-80 (citations omitted).

E.P. Henry contends that the factors relevant to this case militate against granting Home Depot's motion.  The Court certainly agrees that some factors favor litigating this

case in New Jersey. Nonetheless, in aggregate, these considerations do not so overwhelmingly point to New Jersey as to outweigh the substantial consideration the Court must give to the forum selection clause.

*1. Private Interest Factors*

a. The Parties' Forum Preferences

E.P. Henry first argues that transfer is inappropriate because its choice of forum is entitled to considerable weight and deference. (Pl. Br., p. 8.) In most cases, this is correct; the plaintiff's forum choice is typically "a paramount consideration in any determination of a transfer request." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). However, the Third Circuit has explained that deference to the plaintiff's forum choice is inappropriate where the plaintiff has freely contractually chosen an appropriate venue. See Jumara, 55 F.3d at 880. In such cases, "a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." Id.

Here, E.P. Henry has freely entered into the Supplier Buying Agreement, which contained a forum selection clause. As discussed in sections II.A. and II.B., supra, this clause is valid and mandatory. It points to the Northern District of Georgia, Atlanta Division as the parties' expression of a convenient forum. Thus, the Court places no weight on E.P. Henry's newly expressed preference for the District of New Jersey.

By contrast, Home Depot filed the instant motion to transfer venue. It obviously prefers to litigate this case in Georgia. This factor therefore weighs in favor of transferring the case.

b.  Where the Claim Arose

E.P. Henry also argues that its claim against Home Depot arose in New Jersey. (Pl. Br., p. 8.)  Indeed, it contends that all "the operative facts of this case occurred in New Jersey and not Georgia." (Id.)  Home Depot does not contest this assertion.  This factor therefore weighs against transferring the case.

c.  Convenience of Parties and Witnesses, and the Location of the Evidence

E.P. Henry next argues that most of the "key witnesses" in this case reside in New Jersey. (Id.)  It likewise asserts that all relevant books and records are located at its corporate offices in Woodbury, New Jersey. (Id.)  It also conjectures that the goods it sold to Home Depot are likely located in New Jersey or neighboring states. (Id.)

Superficially, these arguments weigh against transferring the case to Georgia. However, it must be remembered that the convenience of the witnesses is considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879.  Likewise, courts consider the location of books, records, and other evidence only if they "could not be produced in the alternative forum." Id.

Here, E.P. Henry has not shown that witnesses are unable or unwilling to appear at trial in Georgia.  Nor has it demonstrated that documents or other evidence cannot be transported to that state.  The Court therefore accords these arguments no weight.

Likewise, the Court places no weight on any argument from E.P. Henry concerning its inconvenience in litigating in Georgia.  "By executing a forum-section

clause, the parties to the agreement bear the risks of such inconvenience." <u>Cadapult Graphics Sys, Inc.</u>, 98 F. Supp. 2d at 568.

### 2. *Public Interest Factors*

#### a. Localized Interests and the Burden of Jury Duty

E.P. Henry argues that there is a greater localized interest in litigating this case in New Jersey than there is in Georgia. (Pl. Br., p. 9.) The Court agrees.

All of the operative facts of this case seemingly occurred in New Jersey. It is therefore more appropriate to impose the burden of jury duty on a New Jersey community than it is to impose such a burden on a Georgia community. <u>See</u> <u>Hoffer</u>, 102 F. Supp. 2d at 576 ("The burden of jury duty 'ought not to be imposed upon the people of a community which have no relation to the litigation.'" (quoting <u>Tischio v. Bontex, Inc.</u>, 16 F. Supp. 2d 511, 526 (D.N.J. 1998))). Moreover, "New Jersey has an interest in trying a case involving allegations that one of its citizens was the victim of a breach of contract." <u>Travelodge</u>, 2007 U.S. Dist. LEXIS 53655, at *23. These factors therefore weigh against transferring the case to Georgia.

#### b. Applicable Law

"An important public interest factor is the desire to have the case tried before judges familiar with the applicable law." <u>Tischio</u>, 16 F. Supp. 2d at 526. Here, the Supplier Buying Agreement provides that Georgia law governs its terms and all disputes arising out of, or related to, it. (Feinstein Cert., Exh. C., ¶ 14.8.)

New Jersey courts will generally honor a contractual choice of law clause so long as it does not violate state public policy. N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., 730 A.2d 843, 847 (N.J. 1999). Georgia courts take an identical approach. See Carr v. Kupfer, 296 S.E.2d 560, 562 (Ga. 1982) ("Absent a contrary public policy, this court will normally enforce a contractual choice of law clause."). Thus, the Court concludes that Georgia law will likely govern this case, particularly because E.P. Henry does not identify any public policy that commands a contrary result. The application of Georgia law supports transferring the case.

In sum, the Court has now analyzed both the private and public interest factors reflected in section 1404(a). Some factors, such as Home Depot's forum preference and the applicable law, favor transferring the case to Georgia. Other factors, such as E.P. Henry's preference, the convenience of the witnesses, and the location of relevant books and records, are given no weight by the Court under the circumstances of this case. Still, other factors, such as the situs of the claim and the localized interests of the fora, militate against transferring the case. The weight the Court gives to those factors in the last category is limited, however, by the substantial consideration due to the forum selection clause. Under these circumstances, the Court therefore concludes that E.P. Henry has failed to satisfactorily demonstrate why it should not be bound by its contractual choice to litigate in Georgia.

### D. E.P. Henry's Remaining Argument Against Transfer

E.P. Henry presents one final argument against transferring this case; it contends that the Court should deny Home Depot's motion without prejudice pending the completion of mediation, which is required by Paragraph 14.6a of the Supplier Buying Agreement. This provision states:

> Any dispute arising out of, relating to, or concerning the Terms and Conditions of this Supplier Agreement or an Order shall, as a condition precedent to any arbitration or court proceeding, be mediated by the parties.

(Feinstein Cert., Exh. C., ¶ 14.6a.)

E.P. Henry argues that the Court cannot entertain the venue question unless and until the parties complete mediation. (Pl. Br., p. 14.) The Court finds this assertion somewhat ironic given that E.P. Henry never attempted any mediation before initiating this suit. (See Def. Reply Br., p. 8.) Rather, it seemingly filed its Complaint in direct violation of Paragraph 14.6a. In effect, E.P. Henry now seeks to benefit from its noncompliance with that contractual provision. The Court will not permit such a result. See Citizens Nat'l Bank v. Davisson, 229 U.S. 212, 223 (1913) (rejecting an argument that "would . . . permit [a party] to take advantage of its own wrong"). Thus, E.P. Henry is estopped from now asserting any right it may have had to mediation.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the instant forum selection clause is valid and enforceable. Moreover, the various section 1404(a) interest factors do

not outweigh the substantial consideration due to that clause.  Therefore, the Court will grant Home Depot's motion [Docket Item No. 4] and order this case transferred to the Northern District of Georgia, Atlanta Division.  An appropriate Order will be entered with this Opinion.

   /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge

Dated: January 3, 2008